```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE SOUTHERN DISTRICT OF TEXAS
                       HOUSTON DIVISION


CHARLES BOREN and CYNDI BOREN,    §
                                  §
     Plaintiffs,                  §
                                  §
v.                                §    CIVIL ACTION NO. H-13-2160
                                  §
US National Bank Association,[1]  §
                                  §
     Defendant.                   §
```

## MEMORANDUM AND RECOMMENDATION

Pending before the court[2] is Plaintiffs' Motion to Remand (Doc. 5). The court has considered the motion, the response, all other relevant filings, and the applicable law. For the reasons set forth below, the court **RECOMMENDS** that Plaintiffs' motion be **DENIED**.

### I.  Case Background

Plaintiffs filed this action in Texas state court seeking "a declaration that Defendant is unable to effectuate a foreclosure of the real property located at 4135 Bellefontaine, Houston, Texas 77025."[3] On July 24, 2013, Defendant removed this action based on

---

[1] Defendant represents that it was incorrectly named in Plaintiffs' petition and that US Bank National Association, as Trustee for the C-Bass Mortgage Loan Asset Backed Certificates, Series 2007-RP1, is the correct name.

[2] This case was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), the Cost and Delay Reduction Plan under the Civil Justice Reform Act, and Federal Rule of Civil Procedure 72.  Doc. 7.

[3] Doc. 5, Pls.' Mot. to Remand p. 1.

diversity jurisdiction.[4]  Plaintiffs filed their motion to remand on July 26, 2013.[5]

The note underlying this action is a home equity note in the principal amount of $640,000 executed on July 23, 2005.[6]  The note entered default status in February 2009[7] after Plaintiffs failed to make timely payments.[8]  The payoff amount on the lien, as of March 28, 2013, was nearly $928,644.[9]  Defendant provided Plaintiffs with a notice of default in November 2012 and a notice of acceleration in February 2013.[10]  Defendant then sought to foreclose on Plaintiffs' home to satisfy the indebtedness.[11]  The value of the home, according to the Harris County Appraisal District, was $732,591 as of January 1, 2013.[12]

---

[4]  See Doc. 1, Notice of Removal; Doc. 4, Am. Notice of Removal.

[5]  See Doc. 5, Mot. to Remand.

[6]  Doc. 11-1, Ex. 1 to Def.'s Resp. to Pls.' Mot. to Remand, Dep. of Javier Rivera ¶ 2; see also Doc. 10, 1st Am. Answer & Countercl. ¶ 28 (stating that the amount of the note was $640,000).

[7]  Plaintiffs asserted in their petition that they had not made any payment since March 2009.  Doc. 4-1, Ex. B-1 to Am. Notice of Removal, Pls.' Original Pet. p. 2.

[8]  Doc. 11-1, Ex. 1 to Def.'s Resp. to Pls.' Mot. to Remand, Dep. of Javier Rivera ¶ 6.

[9]  Id. ¶ 8.

[10]  Doc. 10, 1st Am. Answer & Countercl. p. 6; see also Doc. 11-1, Ex. 1 to Def.'s Resp. to Pls.' Mot. to Remand, Dep. of Javier Rivera ¶ 9.

[11]  See Doc. 4-1, Ex. B-1 to Am. Notice of Removal, Pls.' Original Pet. p. 2 (unnumbered).

[12]  Doc. 4-1, Ex. C-1 to Am. Notice of Removal, Harris Cnty. Appraisal Dist. Real Prop. Account Info.

## II.  Legal Standard

The Federal Rules of Civil Procedure allow removal of "any civil action brought in a State court of which the district courts of the United States have original jurisdiction."  28 U.S.C. § 1441(a); see also Mumfrey v. CVS Pharm., Inc., 719 F.3d 392, 397 (Tex. 2013).  A defendant may remove a case in which the amount in controversy exceeds $75,000 and the dispute is between citizens of different states.  See 28 U.S.C. §§ 1332(a); 1441(a).

Upon the filing of a motion to remand, the removing party bears the burden of establishing that the district court has jurisdiction.  Mumfrey, 719 F.3d at 397.  A defendant may rely on the face of the petition or "summary judgment type evidence" to support a finding of the requisite amount.  Manguno v. Prudential Prop. & Cas. Ins. Co., 276 F.3d 720, 723 (5th Cir. 2002).  If the defendant meets this burden, the plaintiff must prove to a legal certainty that the recovery will not exceed the jurisdictional amount.  In re 1994 Exxon Chem. Fire, 558 F.3d 378, 387 (5th Cir. 2009).

## III. Analysis

Defendant removed this action on the basis of diversity jurisdiction under 28 U.S.C. § 1332.  Complete diversity between the parties is uncontested.  Plaintiffs argue that the court lacks subject matter jurisdiction because the amount in controversy does not exceed $75,000.  Plaintiffs' argument is without merit.

The state court petition is the focal point for determining whether the amount in controversy exceeds $75,000 excluding interest and costs.  Manguno, 276 F.3d at 723 (citing St. Paul Reins. Co. v. Greenberg, 134 F.3d 1250, 1253 (5th Cir. 1998)).  If the petition does not include a specific monetary demand, the defendant must establish that the amount in controversy meets the jurisdictional minimum by a preponderance of the evidence.  Id.  "The amount in controversy, in an action for declaratory or injunctive relief, is the value of the right to be protected or the extent of the injury to be prevented."  Greenburg, 134 F.3d at 1252-53 (quoting Leininger v. Leininger, 705 F.2d 727, 729 (5th Cir. 1983)); see also Hartford Ins. Grp. v. Lou-Con Inc., 293 F.3d 908, 910 (5th Cir. 2002).  "[W]hen the validity of a contract or a right to property is called into question in its entirety, the value of the property controls the amount in controversy."  Nationstar Mortg. LLC v. Knox, 351 F. App'x 844, 848 (5th Cir. 2009)(unpublished)(alteration in original)(quoting Waller v. Prof'l Ins. Corp., 296 F.2d 545, 547-48 (5th Cir. 1961)).

Here, Plaintiffs seek relief in the form of a declaratory judgment stating that Defendant cannot foreclose on Plaintiffs' home.[13]  Plaintiffs further seek to recover attorneys' fees.[14]  The

---

[13]   Doc. 4-1, Ex. B-1 to Am. Notice of Removal, Pls.' Original Pet. p. 2 (unnumbered).

[14]   Id.

4

petition does not make a specific monetary demand.[15]  However, Plaintiffs stand to lose their home, which was appraised at $732,591 earlier this year.  The outstanding balance on the loan in question was nearly $928,644 in March of this year.

Although preventing foreclosure proceedings through a declaratory judgment would not increase a monetary award in Plaintiffs' favor, it does increase the value of the injury to be prevented.  See Berry v. Chase Home Fin., LLC, Civil Action No. C-09-116, 2009 WL 2868224, at *2 (S.D. Tex. Aug. 27, 2009)(quoting Nationstar Mortg, LLC v. Knox, No. 3:07CV32, 2008 WL 4372751, *1 (N.D. Miss. Sept. 19, 2008), aff'd, 351 F. App'x 844 (5th Cir. 2009)(unpublished)).  Additionally, Plaintiffs seek attorneys' fees.  As the value of the home and the outstanding balance of the loan both greatly exceed $75,000, the jurisdictional minimum is undoubtedly met in this case, without the need to consider the potential amount of Plaintiffs' attorneys' fees.  Clearly, this court has subject matter jurisdiction over this action.

## IV. Conclusion

Based on the foregoing, the court **RECOMMENDS** that Plaintiffs' Motion to Remand be **DENIED**.

The Clerk shall send copies of this Memorandum and Recommendation to the respective parties who have fourteen days from the receipt thereof to file written objections thereto

---

[15] See id.

pursuant to Federal Rule of Civil Procedure 72(b) and General Order 2002-13.  Failure to file written objections within the time period mentioned shall bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.

The original of any written objections shall be filed with the United States District Clerk electronically.  Copies of such objections shall be mailed to opposing parties and to the chambers of the undersigned, 515 Rusk, Suite 7019, Houston, Texas 77002.

**SIGNED** in Houston, Texas, this 22nd  day of October, 2013.

Nancy K. Johnson
United States Magistrate Judge