```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE SOUTHERN DISTRICT OF TEXAS
                       HOUSTON DIVISION


CHARLES BOREN and CYNDI BOREN,   §
                                 §
     Plaintiffs,                 §
                                 §
v.                               §     CIVIL ACTION NO. H-13-2160
                                 §
US National Bank Association,[1] §
                                 §
     Defendant.                  §
```

## MEMORANDUM AND RECOMMENDATION

Pending before the court[2] are Plaintiffs' Motion for Summary Judgment (Doc. 26) and Defendant's Motion for Summary Judgment (Doc. 14). The court has considered the motions, the responses, all other relevant filings, and the applicable law. For the reasons set forth below, the court **RECOMMENDS** that Plaintiffs' motion be **DENIED** and Defendant's motion be **GRANTED**.

### I. Case Background

Plaintiffs purchased a home at 4135 Bellefontaine, Houston, Texas 77025, ("the Property") and obtained a home equity note ("the Note") on the Property with a principal amount of $640,000.00.[3] US Bank National Association ("US Bank" or "Defendant") later became

---

[1] Defendant represents that it was incorrectly named in Plaintiffs' petition and that US Bank National Association, as Trustee for the C-Bass Mortgage Loan Asset Backed Certificates, Series 2007-RP1, is the correct name.

[2] This case was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), the Cost and Delay Reduction Plan under the Civil Justice Reform Act, and Federal Rule of Civil Procedure 72. Doc. 7.

[3] Doc. 14-1, Ex. A to Def.'s Mot. for Summ. J., Aff. of Kyle Lucas ("Lucas"), ¶ 6.

the trustee of the loan.[4]  On December 27, 2008, Plaintiff Charles Boren signed a loan modification agreement with US Bank and made an initial payment.[5]

Plaintiffs defaulted on the Note in February 2009 after failing to make timely payments.[6]  The payoff amount on the lien, as of April 30, 2014, was $998,808.07.[7]  Defendant provided Plaintiffs with a notice of default on or around March 19, 2009.[8]  Defendant mailed a notice of acceleration on May 8, 2009.[9]  Defendant filed an application for an order allowing foreclosure under Texas Rules of Civil Procedure 736 ("Rule 736") on June 5, 2009.[10]  Plaintiffs responded by filing a petition in Harris County District Court contesting Defendant's right to foreclose.[11]  In response to Plaintiffs' petition, the district court dismissed Defendant's Rule 736 filing on August 28, 2009.[12]  Plaintiffs non-

---

[4]     See id. ¶ 7.

[5]     See id. ¶ 9.

[6]     See id. ¶ 10.

[7]     Doc. 14-1, Ex. A-24 to Def.'s Mot. for Summ. J., Payoff Quote.

[8]     See Doc. 26, Pl's Mot. for Summ. J. ¶ 1.

[9]     See Doc. 14-1, Ex. A to Def.'s Mot. for Summ. J., Aff. of Lucas, ¶ 10.

[10]    See TEX. CONST. art. XVI § 50(a)(6)(C); Doc. 14-1, Ex. A-7 to Def.'s Mot. for Summ. J., Rule 736 Appl.

[11]    See Charles Boren v. U.S. Nat'l Bank Ass'n, Cause No. 2009-54822 (269th Dist. Ct., Harris County, Tex. Sep. 18, 2009), available at http://www.hcdistrictclerk.com/edocs/public/search.aspx.

[12]    See Doc. 14-1, Ex. A-8 to Def.'s Mot. for Summ. J., Dismissal Order.

suited their case without prejudice on September 18, 2009.[13]

In December 2009, US Bank filed a second application for an order allowing foreclosure.[14] Plaintiffs again filed a petition contesting US Bank's right to foreclose, and the court dismissed Defendant's Rule 736 filing.[15]

On May 20, 2010, while Plaintiffs' second case was still pending in district court, Defendant sent a new notice of default and intent to accelerate, reflecting an unaccelerated balance of $74,313.28.[16] Plaintiffs were served with notices of acceleration on September 1, 2010.[17]

On September 16, 2010, Defendant filed a third application for an order allowing foreclosure.[18] The Harris County District Court dismissed the application due to a petition on file contesting Defendant's foreclosure action.[19] Plaintiffs voluntarily non-suited

---

[13] See Doc. 14-1, Ex. A-9 to Def.'s Mot. for Summ. J., Plaintiff's Notice of Non-Suit Without Prejudice.

[14] See Doc. 14-1, Ex. A-11 to Def.'s Mot. for Summ. J., Second Rule 736 Application.

[15] See Doc. 14-1, Ex. A-12 to Def.'s Mot. for Summ. J., Plaintiff's Original Petition & May 20, 2010 Dismissal Order.

[16] See Doc. 14-1, Ex. A-15 to Def.'s Mot. for Summ. J., May 20, 2010 Notice of Default & Intent to Accelerate.

[17] See Doc. 14-1, Ex. A-16 to Def.'s Mot. for Summ. J., Notice of Acceleration Letter.

[18] See Doc. 14-1, Ex. A-17 to Def.'s Mot. for Summ. J., 2010 Rule 736 Application.

[19] See Doc. 14-1, Ex. A-16 to Def.'s Mot. for Summ. J., November 8, 2010 Dismissal Order.

their case without prejudice in August 2011.[20]

On November 24, 2012, Defendant mailed Plaintiffs another notice of default.[21] Including all late fees and other charges, the letter stated that Plaintiffs owed $218,701.09.[22] On February 5, 2013, Defendant sent a notice of acceleration to Plaintiffs, requesting a total balance due of $929,558.21.[23] Defendant than filed a fourth application for an order allowing foreclosure on May 23, 2013.[24]

Plaintiffs responded to the May 2013 application by filing a petition in the instant case in Harris County District Court, requesting a Declaratory Judgment that Defendant could not foreclose because the statute of limitations had run.[25] Defendant removed the case on diversity jurisdiction and counterclaimed for judicial foreclosure.[26]

## II.  Summary Judgment Standard

---

[20]   See id.

[21]   See Doc. 14-1, Ex. A-19 to Def.'s Mot. for Summ. J., November 24, 2012 Notice of Default Letter.

[22]   See id.

[23]   See Doc. 14-1, Ex. A-20 to Def.'s Mot. for Summ. J., Notice of Acceleration Letter.

[24]   See Doc. 14-1, Ex. A-2 to Def.'s Mot. for Summ. J., May 23, 2013 736 Application.

[25]   See Doc. 19, Pls.' Am. Comp.

[26]   See Doc. 10, Def's. First Am. Answer.

Summary judgment is warranted when the evidence reveals that no genuine dispute exists regarding any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Brown v. City of Houston, Tex., 337 F.3d 539, 540-41 (5th Cir. 2003). A material fact is a fact that is identified by applicable substantive law as critical to the outcome of the suit. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); Ameristar Jet Charter, Inc. v. Signal Composites, Inc., 271 F.3d 624, 626 (5th Cir. 2001). To be genuine, the dispute regarding a material fact must be supported by evidence such that a reasonable jury could resolve the issue in favor of either party. Anderson, 477 U.S. at 250; TIG Ins. Co. v. Sedqwick James of Wash., 276 F.3d 754, 759 (5th Cir. 2002).

The movant must inform the court of the basis for the summary judgment motion and must point to relevant excerpts from pleadings, depositions, answers to interrogatories, admissions, or affidavits that demonstrate the absence of genuine factual issues. Celotex Corp., 477 U.S. at 323; Topalian v. Ehrman, 954 F.2d 1125, 1131 (5th Cir. 1992). If the moving party can show an absence of record evidence in support of one or more elements of the case for which the nonmoving party bears the burden, the movant will be entitled to summary judgment. Celotex Corp., 477 U.S. at 322. However, if the party opposing summary judgment responds with evidence in

support of each challenged element, the case must be resolved at trial. Id. at 324.

### III. Analysis

Plaintiffs and Defendant both move for summary judgment. Plaintiffs argue that Defendant cannot foreclose on the Property because the statute of limitations has run, and request a declaratory judgment stating that Defendant cannot foreclose on the Property and to quiet title. Defendant argues that Plaintiffs have defaulted on their note and the lien is valid. Defendants therefore requests that this court enter a final judgment in Defendant's favor as Trustee for foreclosure.

A.  **Statute of Limitations**

The parties agree that Texas Law applies to this dispute. Under Texas Law, "[a] person must bring suit for the recovery of real property under a real property lien or the foreclosure of a real property lien not later than four years after the day the cause of action accrues." T.C.P.R.C. § 16.035(a). This four-year period expires when "the real-property lien and the power of sale to enforce the lien become void." T.C.P.R.C. § 16.035(d); Khan v. GBAK Properties, Inc., 371 S.W.3d 347, 353 (Tex.App.–Houston [1st Dist.] 2012) (quoting Holy Cross Church of God in Christ v. Wolf [hereinafter "Holy Cross"], 44 S.W.3d 562, 567 (Tex. 2001)). If a noteholder has the option to accelerate, then the accrual date occurs when the holder actually exercises the option to accelerate.

Khan, 371 S.W.3d at 353 (citing Holy Cross, 44 S.W.3d at 566); Post Oak Lane Townhome Owners Ass'n v. Bank of N.Y. Mellon, Civil Action No. H-13-466, 2013 WL 4459064, at *2 (S.D. Tex. Aug. 16, 2013) (unpublished). Determining whether a holder has accelerated a note is a fact question, while determining accrual is a legal question. Holy Cross, 44 S.W.3d at 568.

Abandoning acceleration before the limitations period expires restores the contract to its original condition, including the note's original maturity date. Khan, 371 S.W.3d at 353; Clawson v. GMAC Mortg., LLC, Civil Action No. G:12-CV-00212, 2013 WL 1948128, at *3 (S.D. Tex. May 9, 2013) (unpublished). If a noteholder abandons acceleration, it is no longer required to foreclose within four years from the date of acceleration. Leonard v. Ocwen Loan Servicing, LLC, Civil Action No. H-13-3019, 2014 WL 4161769, at *4 (S.D. Tex. Aug. 19, 2014) (unpublished).

Texas courts and courts in the Fifth Circuit have held that "parties can abandon acceleration and restore the contract to its original terms by the parties' agreement or actions." Khan, 371 S.W.3d at 356 (citing San Antonio Real-Estate, Bldg. & Loan Ass'n v. Stewart, 94 Tex. 441 (Tex. 1901)); see also, e.g., In re Rosas, Bankruptcy No. 13-52402-CAG, 2014 WL 1779437, at *10 (Bankr. W.D. Tex. May 5, 2014) (unpublished). Accepting payments while not pursuing other remedies is one action, but a note-holder may also abandon acceleration by its other actions, including providing

account statements and mailing notice-of-intent-to-accelerate letters. See Leonard, 2014 WL 4161769, at *5 (holding that account statements put debtor on notice that lender had abandoned previous acceleration). Joint action of the parties is not required to abandon the acceleration; a lender may abandon acceleration unilaterally through its own actions. See Clawson, 2013 WL 194812, at *4 (holding that lender may abandon acceleration "without express agreement from the borrower"); Holy Cross, 44 S.W.3d at 566-67 (stating that a noteholder can abandon acceleration "if the holder continues to accept payments without exacting any remedies available to it upon declared maturity").

Plaintiffs and Defendant agree that the loan was originally accelerated on May 8, 2009; however, Plaintiffs and Defendant disagree as to whether Defendant's subsequent actions meet the requirements for abandonment of acceleration. Whether Defendant's actions abandoned acceleration is a question of accrual, and therefore a legal question that the court may properly consider. Plaintiffs maintain that Defendant never sent or filed any document indicating that it had abandoned acceleration.[27] Plaintiffs argue that Defendant's foreclosure application, filed May 23, 2013, was barred by the four-year statute of limitations provided by T.C.P.R.C. § 16.035(a).

Plaintiffs further argue that the acceleration was never

---

[27] See Doc. 26, Pls.' Mot. for Summ. J., ¶¶ 1-5.

abandoned because Plaintiffs did not send any payments to Defendant.  Plaintiffs cite to cases where courts found the holder of a note abandoned acceleration where it accepted payments without exacting any other remedies available to it.  See Murphy v. HSBC Bank USA, Civil Action No. H-12-3278, 2014 WL 1653081, at *10 (S.D. Tex. Apr. 23, 2014) (citing Khan, 371 S.W.3d at 353) (unpublished). Plaintiffs argue that because they did not make any payments, Defendant could not have abandoned the acceleration.

Defendant, however, claims that they abandoned the acceleration and provided notice of the abandonment when it sent notice of default letters to Plaintiffs requesting less than the full balance, and when it sent notice-of-intent-to-accelerate letters in May 2010 and February 2013.  Defendant argues these actions were sufficient to abandon the original May 2009 acceleration.

The court finds that there is no genuine issue of material fact that Defendant, through its actions, abandoned its previous acceleration of the debt.  The account statements reflected that sums less than the full debt were due, putting Plaintiffs on notice that Defendant was no longer seeking to collect the full balance of the Note.  While accepting payments is one action that will stop acceleration, courts have found other actions, including providing account statements and mailing notice-of-intent-to-accelerate letters similarly abandon acceleration.  See Leonard, 2014 WL

9

4161769, at *5 (holding that account statements put debtor on notice that lender had abandoned previous acceleration). Here, the intent-to-accelerate letter sent on November 12, 2013, plainly stated the status of the Note and reflected an unaccelerated balance. The court therefore finds that, because Defendant properly abandoned acceleration, any potential suit to foreclose was not time-barred when Plaintiffs commenced this suit.

**B. Foreclosure Claim**

Defendant moves for summary judgment on its counterclaim seeking an order permitting it to foreclose on the Property, or, alternatively, for judicial foreclosure.

The court finds that Defendant should be permitted to foreclose on the Property. Plaintiffs defaulted on the Note due to their failure to make timely payments beginning in February 2009, and have not made any payments or attempted to cure the default for over five years. Plaintiffs have lived on the property throughout this period. Defendant properly provided Plaintiffs notice of intent to accelerate and subsequently accelerated the Note, and Plaintiffs have not acted to cure their default. Plaintiffs offer no valid defenses preventing Defendant from foreclosing. Accordingly, the Court **RECOMMENDS** that Defendant's summary judgment be **GRANTED** and that Defendant be permitted to foreclose on the

Property.[28]

## IV. Conclusion

Based on the foregoing, the court **RECOMMENDS** that Plaintiffs' Motion for Summary Judgment be **DENIED**.  It is further **RECOMMENDED** that Defendant's Motion for Summary Judgment is **GRANTED**.

The Clerk shall send copies of this Memorandum and Recommendation to the respective parties who have fourteen days from the receipt thereof to file written objections thereto pursuant to Federal Rule of Civil Procedure 72(b) and General Order 2002-13.  Failure to file written objections within the time period mentioned shall bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.

The original of any written objections shall be filed with the United States District Clerk electronically.  Copies of such objections shall be mailed to opposing parties and to the chambers of the undersigned, 515 Rusk, Suite 7019, Houston, Texas 77002.

**SIGNED** in Houston, Texas, this 8th day of September, 2014.

_____
U.S. MAGISTRATE JUDGE

---

[28] Defendant asserted a secondary counterclaim based on equitable subrogation in the event that the court found the foreclosure claim was otherwise barred by the statute of limitations.  See Def.'s Second Am. Answer, ¶¶ 40-44. Because the court rules in Defendant's favor, the equitable subrogation claim is moot.