# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

CHARLES BOREN and CYNDI BOREN, §
§
    *Plaintiffs*, §
§
v. §     CIVIL ACTION H-13-2160
§
US NATIONAL BANK ASSOCIATION, §
§
    *Defendant*. §

## MEMORANDUM, OPINION, AND ORDER

Pending before the court is the Magistrate Judge's Memorandum and Recommendation ("M&R) recommending that the court deny Plaintiffs Charles and Cyndi Borens' Motion for Summary Judgment (Dkt. 26) and grant Defendant US National Bank Association's ("USNBA")[1] Motion for Summary Judgment (Dkt. 14). Dkt. 32. Having considered the M&R, objections, original motions and related documents, and the applicable law, the court is of the opinion that (1) the Borens' objections should be SUSTAINED IN PART AND OVERRULED IN PART; (2) USNBA's objection should be SUSTAINED; and (3) the M&R should be ADOPTED IN PART.

### I. BACKGROUND

The Borens brought a claim against USNBA, seeking a declaration that USNBA waived its right to foreclose by failing to do so within the four-year statute of limitations. Dkt. 19. USNBA filed a counterclaim in which it seeks a judicial foreclosure. Dkt. 31. The facts leading up to the Borens' claim are clearly set forth in the case background section of the M&R, which the court hereby adopts and incorporates into this order. *See* Dkt. 32.

---

[1] USNBA asserts that it is incorrectly named in this lawsuit and that its proper name is "U.S. Bank National Association, as Trustee for the C-Bass Mortgage Loan Asset Backed Certificates, Series 2007-RP1." Dkt. 35-1.

The M&R addresses dueling motions for summary judgment.[2] *Id.* The Borens' motion for summary judgment asserts that USNBA did not bring suit for foreclosure on the lien within four years of accrual of the cause of action (when the holder exercises the option to accelerate the note) and that the statute of limitations therefore bars any foreclosure action. Dkt. 26; *see* Dkt. 32 (M&R) (discussing when the cause of action accrues). USNBA's motion asserts that the statute of limitations does not bar a judicial foreclosure because USNBA abandoned the original acceleration when it sent a new notice of default that did not request the accelerated balance, thus resetting the statute of limitations, and that it has met all required acts to obtain a judicial foreclosure of the loan. Dkt. 14. The Borens argued that USNBA's subsequent notices and mailings do not constitute a de-acceleration of the note because they received nothing officially stating that USNBA was rescinding the acceleration. The Borens also objected to the affidavit of Kyle Lucas, which USNBA provided in support of it motion for summary judgment, arguing that section 13 of the affidavit was conclusory, unsubstantiated, and constitutes merely an opinion with no basis in actual fact. Dkt. 26.

The Magistrate Judge recommended that the court deny the Borens' motion for summary judgment and grant USNBA's motion because, while the cause of action accrues when the holder exercises its option to accelerate and USNBA first exercised its option to accelerate more than four years ago, USNBA abandoned the initial acceleration when it sent notice of default letters to the Borens requesting less than the full balance and then sent subsequent notices of intent to accelerate. Dkt. 32. The Magistrate Judge did not address the objection to Lucas' affidavit, though it is clear the Magistrate Judge based her recommendation with regard to the motions for summary judgment on objective evidence in the record. *See id.*

---

[2] The M&R's discussion of the law relating to summary judgments contained in Part II of the M&R and the discussion of the law relating to the statute of limitations contained in Part III.A of the M&R is hereby incorporated into this order by reference.

## II. ANALYSIS

### A. Affidavit

The Borens object to the M&R because it does not address their objections to the Lucas affidavit. Dkt. 36. The Borens assert that the Lucas affidavit is inadmissible because it is purely the opinion of USNBA's employee and because section 13 of the affidavit is conclusory, unsubstantiated, and merely an opinion with no basis in fact. Dkt. 26. Lucas is a loan analyst at Ocwen Financial Corporation, which serviced the Borens' loan for USNBA. Dkt. 14, Ex. A. In section 13 of his affidavit, Lucas states that USNBA "unaccelerated the Loan" and sent a new notice of default and the opportunity to cure after USNBA's second application for an expedited foreclosure proceeding under Rule 736 of the Texas Rules of Civil Procedure was dismissed. *Id.* Lucas also states that the a notice of default sent in 2010 "demonstrates that the Loan was unaccelerated, as only the amount to cure the default was demanded and not the full accelerated amount due to pay off the Loan." *Id.* The court agrees with the Borens that to the extent the statements made in section 13 attempt to explain the legal significance of various documents in the record, they are inadmissible. However, the statements made in section 13 are admissible to the extent they authenticate exhibit A-15, which was attached to the affidavit. The court hereby STRIKES the portions of the affidavit in section 13 that refer to the loan being "unaccelerated" and the entire last sentence of the section.

### B. The Borens' Remaining Objections

The Borens also object to the M&R because the "Magistrate has clearly placed much faith in the *Leonard v. Ocwen Loan Servicing LLC* . . . decision." Dkt. 36. The Borens assert that the court in *Leonard* "essentially made a factual determination, completely unsupported by authority," that the "holding is unprecedented," and that the court "simply did not want to hold that the statute of limitations had run" in *Leonard* "because the plaintiff in that case was a lawyer." *Id.* The court has reviewed the *Leonard* opinion and finds the legal reasoning sound. *Leonard v. Ocwen Loan Servicing, LLC*, No. H-13-3019, 2014 WL 4161769, at *3–*5 (S.D. Tex. Aug. 19, 2014) (Atlas, J.).

Thus, for the reasons discussed in *Leonard* and in the M&R, the court finds (1) that there is no issue of genuine fact that USNBA, through its actions, abandoned its initial acceleration of the debt; and (2) that the statute of limitations does not, therefore, bar the foreclosure. The Borens' objections to the M&R's recommendation to deny the Borens' motion for summary judgment and grant USNBA's motion are OVERRULED.

C. **USNBA's Objection**

USNBA objects to the M&R, in part, because the Magistrate Judge recommended that the court allow USNBA to foreclose on the property when USNBA is actually seeking a *judicial foreclosure*. Dkt. 35. USNBA's third amended answer and counterclaim and its motion for summary judgment indeed seek judicial foreclosure of the loan. *See* Dkts. 14, 31. USNBA's objection is therefore SUSTAINED.

### III. JUDICIAL FORECLOSURE

The court has reviewed USNBA's summary judgment evidence and finds that a judicial foreclosure is in order. To foreclose under a security instrument in Texas with a power of sale, the lender must demonstrate that: (1) a debt exists; (2) the debt is secured by a lien created under Art. XVI, § 50(a)(6) of the Texas Constitution; (3) plaintiffs are in default under the note and security instrument; and (4) plaintiffs received notice of default and acceleration. Tex. Prop. Code Ann. § 51.002. The court thus issues the following findings:

(1)  USNBA is the current mortgagee of a valid Texas Home Equity Note that was created in accordance with the Texas Constitution, article XVI § 50(a)(6) and secured by the real property and improvements commonly known as 4135 Bellefontaine, Houston, Texas 77025 (the "Property") and more particularly described as:

> Lot 9, in Block 3 of AYRSHIRE ADDITION, SECTION (1), a subdivision in HARRIS County, Texas, according to the map or plat thereof recorded in Volume 22, Page 29 of the Map Records of HARRIS County, Texas, SAVE AND EXCEPT at 0.0027 acre (119) square feet tract out of Lot 9, Block 3, being more particularly

> described by metes and bounds as follows, to wit:
> 0.0027 of one acre (119) square feet of land being part of and out of Lot 9, Block 3, of the AYSHIRE ADDITION SECTION ONE, as shown on map or plat thereof recorded in Volume 22, Page 29 of the Map Records of Harris County, Texas; said 0.0027 of one acre being more particularly described by metes and bounds as follows:
> BEGINNING at a 5/8 inch rod found for the Southwesterly corner of Lot 8, the Northwesterly corner of Lot 21, the Northeasterly corner of Lot 20 and the Southeasterly corner of Lot 9 and the herein described tract;
> THENCE North 89 deg. 23 min. 00 sec. West, with the common line of Lot 20 and Lot 9, a distance of 70.00 feet to a 5/8 inch iron rod found for the Northwesterly corner of Lot 20, the Northeasterly corner of Lot 19, the Southeasterly corner of Lot 10 and the Southwesterly corner of Lot 9 and herein described tract;
> THENCE, North 00 deg. 31 min. 00 sec. East, with the common line of Lot 9 and Lot 10, a distance of 1.70 feet to a 5/8 inch iron rod set for the Northwesterly corner of the herein described tract;
> THENCE, South 89 deg. 23 min. 00 sec. East a distance of 70.00 feet to a 5/8 inch iron rod set in the common line of Lot 8 and Lot 9;
> THENCE, South 00 deg. 31 min. 00 sec. West, with the common line of Lot 8 and Lot 9, a distance of 1.70 feet to the POINT OF BEGINNING and containing 0.0027 of one acre (119 square feet) of land.

Dkt. 14, Exs. A-1 – A3; Dkt. 14, Ex. A-3, Ex. A; Dkt. 13, Ex. A-4. The Deed of Trust is recorded in the Harris County Real Property Records as Instrument Number Y667158 ("Deed of Trust"). Dkt. 14, Ex. A-3.

(2) The Borens are obligated for the debt, have defaulted on the debt, proper notices of the default have been served, and the default has not been cured. *See* Dkt. 14, Ex. A & Exs. A-20 & A-24. The Borens have, in fact, failed to pay on the debt since February 1, 2009. *See* Dkt. 14, Ex. A. The debt at issue has been accelerated ("Accelerated Debt") and is in the amount of $998,808.07 as of April 22, 2014 with interest accruing at 5.09%, or $96.68 per day thereafter until the date of judgment, at which point post-judgment interest shall accrue until the lien is paid in full. *See* Dkt. 14, Ex. A & Ex. A-24. All conditions precedent necessary for USNBA, as Trustee to exercise the Deed of Trust by foreclosure against the Property have been properly accomplished. There is money owed under the Deed of Trust to be recovered through a judicial foreclosure.

Thus, the requirements for a judicial foreclosure have been met. The court, therefore, will issue an order of judicial foreclosure concurrently with this order.

## IV. Conclusion

The case background and legal standards and reasoning contained in the M&R (Dkt. 32) are hereby ADOPTED IN FULL. The recommendations contained in the M&R are ADOPTED, in part, as discussed above. The Borens' objection to the M&R with regard to the Lucas affidavit (Dkt. 36) is SUSTAINED IN PART. The portions of the Lucas affidavit discussed above that are inadmissible are hereby STRICKEN. The court did not rely on those portions of the affidavit in reaching its conclusions. Any other objections to the Lucas affidavit are OVERRULED. The remainder of the Borens' objections to the M&R are OVERRULED. USNBA's objection to the M&R (Dkt. 35) is SUSTAINED. The Borens' motion for summary judgment (Dkt. 26) is hereby DENIED, and USNBA's motion for summary judgment (Dkt. 14) is hereby GRANTED. An order of judicial foreclosure will issue concurrently with this order.

Signed at Houston, Texas on October 29, 2014.

_____
Gray H. Miller
United States District Judge